IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA S. FARNER,<br>No. B84713,<br><br>   Plaintiff,<br><br> vs.<br><br>COUNSELOR RAY,<br>LT. DALLAS,<br>GOINS, and<br>UNKNOWN PARTIES,<br><br>   Defendants. | Case No. 16-cv-00309-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Joshua S. Farmer is an inmate currently housed in Pontiac Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to events surrounding a cell extraction while he was housed at Lawrence Correctional Center, which is located within this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective

standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on September 14, 2015, in the process of extracting Plaintiff from his cell, the prison Tactical Team used two cans of "OC spray" (better known as pepper spray). Plaintiff was also "jammed in the genitals" with a baton, beaten and kicked. After Plaintiff was cuffed and being walked away from the cell, a Tactical Team officer kept stepping on Plaintiff's ankle shackles and simultaneously striking Plaintiff for not walking forward.

Once Plaintiff arrived at his new cell, a tactical team member "sexually molested" Plaintiff in the course of a body cavity search by touching Plaintiff's genitals, placing his hands between Plaintiff's buttocks and penetrating Plaintiff's anus. Plaintiff was then left in the cell for 48 hours. He had only a "suicide smock" to wear and was not given a mattress, even though he was not suicidal.

Plaintiff related these events to Assistant Warden Goins and Lt. Dallas, who purportedly acknowledged that excessive force had been used. However, they told

Plaintiff that it was too late to do anything about it.  Plaintiff then filed a formal grievance with Counselor Ray.  Despite frequent inquiries from Plaintiff, six months passed with no response.

Plaintiff requests that the Tactical Team member who sexually molested him be fired, and he wants criminal charges lodged against all Tactical Team members involved in the assault; he also seeks monetary damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Unidentified members of the Tactical Team used excessive force against Plaintiff during the September 14, 2015, cell extraction, in violation of the Eighth Amendment;
>
> **Count 2:** An unidentified member of the Tactical Team sexually molested Plaintiff, in violation of the Eighth Amendment;
>
> **Count 3:** An unidentified Tactical Team member(s) left Plaintiff for 48 hours in conditions of confinement that violated the Eighth Amendment; and
>
> **Count 4:** Assistant Warden Goins, Lt. Dallas and Counselor Ray failed to take any action after Plaintiff reported that excessive force had been used against him, in violation of the Eighth and Fourteenth Amendments.

Any intended claims not recognized by the Court should be considered dismissed without prejudice for being inadequately stated.

### Discussion

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). This protection prohibits the unnecessary and wanton infliction of pain without penological justification. *Whitman v. Nesic,* 368 F.3d 931, 934 (7th Cir. 2004) (quoting *Meriwether v. Faulkner,* 821 F.2d 408, 415 (7th Cir. 1987)). The key question is whether the defendants used force not "in a good-faith effort to maintain or restore discipline," but instead acted "maliciously and sadistically to cause him harm." *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (citations omitted).

The complaint does not describe the factual scenario leading up to the cell extraction, which included use of two cans of pepper spray, a baton strike to Plaintiff's genitals, and Tactical Team members beating and kicking Plaintiff. More than *de minimis* force was clearly used, leaving open the question of whether any of the Tactical Team members used excessive force. Count 1, therefore, will proceed against the "Unidentified Parties."

### Count 2

One member of the Tactical Team performed a hands-on body cavity search, including anal penetration. Although Plaintiff characterizes the episode as "sexual molestation," for purposes of Section 1983 the Eighth Amendment is implicated. Depending on the exact circumstances, excessive force could be involved, or the acts could be characterized more generally as "cruel and unusual punishment." In any

event, an Eighth Amendment claim has been stated against the unidentified Tactical Team member involved and Count 2 shall proceed.

**Count 3**

An unidentified Tactical Team member(s) left Plaintiff in a cell for 48 hours. He had only a "suicide smock" to wear and was not given a mattress, even though he was not suicidal. These allegations are relative to the conditions of confinement, which also fall within the ambit of the Eighth Amendment.

An Eighth Amendment "conditions of confinement" claim requires the conditions of confinement to result in " 'the denial of the minimal civilized measure of life's necessities,' " and that the defendant was deliberately indifferent to the conditions in question, meaning the defendant knew of and disregarded an excessive risk to health or safety. *See Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

Although this claim, as pleaded, is tenuous—particularly considering that the situation was relatively short-lived—Count 3 shall proceed so the specific facts can be developed. *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (low cell temperature at night combined with failure to issue blankets could amount to an Eighth Amendment violation).

**Count 4**

Count 4 is premised upon the allegations that Assistant Warden Goins, Lt. Dallas and Counselor Ray failed to take any action after Plaintiff reported that excessive force had been used by the Tactical Team.

In the context of an excessive force claim, an officer is personally responsible, and thus liable, if he knows about a constitutional violation, has a realistic opportunity to prevent it, but deliberately or recklessly fails to do so. See *Childress v. Walker*, 787 F.3d 433, 440 (7th Cir. 2015); *Lewis v. Downey,* 581 F.3d 467, 472 (7th Cir. 2009).

Generally, the mishandling or denial of grievances by those who otherwise did not cause or participate in the underlying unconstitutional conduct states no claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). See also *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). However, in *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015), the Seventh Circuit observed that prison officials without medical expertise could be deliberately indifferent in failing to take action in response to a detailed grievance relative to an ongoing medical situation where the official had authority to intervene.

It is clear from the complaint that neither Assistant Warden Goins, Lt. Dallas, nor Counselor Ray was present or involved in the use of excessive force. Rather, they were each informed of the cell extraction and use of force after the fact —they had no opportunity to take any action to stop the violation. This does not constitute "personal involvement" in the denial of a constitutional right, and thus will not support a civil rights claim against either Goins, Dallas or Ray. See *Sanville v. McCaughtry*, 266 F.3d

724, 740 (7th Cir. 2001). Therefore, Count 4, and Defendants Goins, Dallas and Ray will be dismissed with prejudice, as there is no other suggestion of their involvement.

### Unknown Parties

At this juncture the only remaining parties are the unidentified members of the Tactical Team. The warden of Lawrence Correctional Center, Stephen Duncan (or his successor in office), shall be added as a defendant in his official capacity in order to respond to discovery requests aimed at identifying the unidentified defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009)). Once one or more of the Tactical Team defendants is identified and named as a defendant in a properly filed amended complaint, the warden may move to be dismissed from this case.

### Remedies

The Court would be remiss if the requested remedies were not discussed. Insofar as Plaintiff seeks to have members of the tactical team fired and criminally charged. It is prerogative of state or federal prosecutors, not the Court, to bring criminal charges. And, the Prison Litigation Reform Act, 18 U.S.C. § 3626 (1994), strictly limits prospective relief[1] to what would correct the violation. Ordering the termination of the defendants' employment in order to correct a discrete, past violation would be an

---

[1] " '[P]rospective relief' includes 'all relief other than compensatory monetary damages.' [18 U.S.C.] § 3626(g)(9), (g)(7). *Rowe v. Jones*, 483 F.3d 791, 795 (11th Cir. 2007). Thus, termination of employment is a form of prospective relief.

abuse of discretion and would violate the PLRA. Those aspects of the prayer for relief—criminal prosecution and termination—will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 4** and Defendants **GOINS, LT. DALLAS and COUNSELOR RAY** are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that firing and criminal prosecution are **DISMISSED** from the prayer for relief.

**IT IS FURTHER ORDERED** that **COUNTS 1-3** against the Tactical Team, members—the **"UNKNOWN PARTIES"**—shall **PROCEED**, provided at least one of the Tactical Team members is identified and named in a properly filed amended complaint.

**IT IS FURTHER ORDERED** that the Warden of Lawrence Correctional Center, **STEPHEN B. DUNCAN**, or his successor in office, is **ADDED** as a defendant, in his official capacity only, for purposes of responding to discovery aimed at identifying the unidentified members of the Tactical Team involved in the incidents at issue in this case.

The Clerk of Court shall prepare for Defendant **STEPHEN B. DUNCAN**, or his successor in office: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

Service shall not be made on the unknown defendants ("UNKNOWN PARTIES") until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant, although not a defendant to any substantive claim, is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g), thereby confirming his entry into the case.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion     Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing

and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  April 18, 2016**

                                      *s/ Michael J. Reagan*
                                      **MICHAEL J. REAGAN**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**